UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

NEAL KING,

                  Plaintiff,

- against -

CITY OF NEW YORK,

                  Defendant.

------------------------------------------------------X

**MEMORANDUM OPINION AND ORDER**

06 Civ. 6516 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I. INTRODUCTION

Neal King, a member of the New York City Fire Department's Marine Division 1, allegedly suffered injuries at Marine Division 1's boat house and pier when a dock collapsed.[1] King brings this action against the City of New York ("City") pursuant to section 688 of title 46 of the United States Code ("Jones Act"), seeking damages arising from his accident.[2]

King moves, in limine, to preclude the City from offering any evidence of the disability benefits King has already received pursuant to the terms

---

   [1]    *See* Complaint.

   [2]    *See* Plaintiff's Memorandum of Law in Support of Motion in Limine to Preclude Evidence of Accident Disability Retirement Benefits at 1.

of his benefit plan entitled Accident Disability Pension ("Pension").[3] The City provides all members of the New York City Fire Department and the New York City Police Department with this Pension pursuant to sections 13-353 of the New York City Administrative Code.[4] For the reasons discussed below, King's motion is granted.

## II. APPLICABLE LAW

### A. Motion in Limine

The Federal Rules of Evidence favor the admission of all relevant evidence.[5] A district court will "exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds."[6] "Indeed, courts considering a motion in limine may reserve judgment until trial, so that the motion is placed in the appropriate factual context."[7] Moreover, a court's ruling regarding a motion in limine "is subject to change when the case unfolds . . . even

---

[3] *See id.* at 1.

[4] *See* Affirmation of Anthony J. Minko, counsel for the City of New York, In Opposition to Plaintiff's Motion in Limine to Preclude Evidence of Accident Disability Retirement Benefits ("Minko Aff.") at 2.

[5] *See* Fed. R. Evid. 402.

[6] *United States v. Ozsusamlar*, 428 F. Supp. 2d 161, 164 (S.D.N.Y. 2006).

[7] *United States v. Chan*, 184 F. Supp. 2d 337, 340 (S.D.N.Y. 2002).

if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."[8]

### B. Collateral Source Rule

The collateral source rule is a substantive rule of law that bars the reduction of an award by funds or benefits received from collateral or independent sources.[9] It applies to cases governed by federal law,[10] including negligence cases arising out of the Jones Act.[11] The rule is intended to ensure that the availability of independent sources of income providing compensation does not reduce plaintiff's recovery. Collateral sources include income from personal insurance coverage as well as employee benefits.[12]

The rationale for the rule arose out of concern that allowing the introduction of collateral sources of income would influence juries in their

---

[8] *Luce v. United States*, 469 U.S. 38, 41 (1984).

[9] *See EEOC v. Yellow Freight Sys., Inc.*, No. 98 Civ. 2270, 2001 WL 1568322, at *2 (S.D.N.Y. Dec. 6, 2001).

[10] *See, e.g., Eichel v. New York Central R.R. Co.*, 375 U.S. 253, 254 (1963); *Hartnett v. Reiss Steamship Co.*, 421 F.2d 1011, 1016 (2d Cir. 1970).

[11] *See Tipton v. Socony Mobil Oil Co.*, 375 U.S. 34, 35 (1963) (per curiam).

[12] *See id.*

3

determination of a tortfeasor's liability.[13] The collateral source rule addresses this potential bias and effectively forces the tortfeasor to absorb the total cost of the resulting harm.[14]

However, the rationale for applying the rule is less compelling when the tortfeasor has already absorbed some of the cost of the harm by providing an independent benefit to the injured party.[15] When the tortfeasor does provide an independent benefit, courts must consider the nature of the benefit to determine whether it should offset liability.[16] It would be unfair to force a tortfeasor to pay twice for a liability when the intended purpose of an independent benefit was to offset liability. This is particularly true when the government provides both monetary compensation and the separate benefit, covering the same injury, out of its general funds.[17] Under these circumstances, a plaintiff will obtain an unjust

---

[13]   *See Phillips v. Western Co. of N. America,* 953 F.2d 923, 929 (5th Cir. 1992) (citing *Eichel,* 375 U.S. at 255) (remanding a case for re-trial solely on the grounds that the jury heard evidence of plaintiff's independent benefits where it was unclear whether that source should be considered collateral for purposes of applying the rule).

[14]   *See Davis v. Odeco, Inc.,* 18 F.3d 1237, 1244 (5th Cir. 1994).

[15]   *See Phillips,* 953 F.2d at 929.

[16]   *See Davis,* 18 F.3d at 1244.

[17]   *See id.*

windfall by collecting both forms of compensation from the government.[18] Thus, when the government is both the tortfeasor and the source of independent benefits some courts have recognized an exception to the collateral source rule.[19]

The exception, however, is very narrow, and not absolute. "The source of the funds may be determined to be collateral or independent, even though the employer-tortfeasor supplies such funds."[20] For instance, when benefits are paid out of designated government benefit programs, such as social security,[21] courts find the collateral source rule applies and collateral income need not be deducted from an award.[22] As the Court of Appeals for the Fifth Circuit has

---

[18]    *See Blake v. Delaware & Hudson R.R. Co.*, 484 F.2d 204, 207 (2d Cir. 1973) (Friendly, J., concurring).

[19]    *See Phillips,* 953 F.2d at 931 (establishing a narrow tortfeasor-as-defendant exception to the collateral source rule for certain federal government benefit programs) (citing *Berg v. United States*, 806 F.2d 987, 984-85 (10th Cir. 1986)).

[20]    *Blake*, 484 F.2d at 206 (citing *United States v. Price,* 288 F.2d 448 (4th Cir. 1961)).

[21]    *See Smith v. United States,* 587 F.2d 1013, 1014 (3d Cir. 1978).

[22]    *See Price*, 288 F.2d at 450 (holding that benefits under the Civil Service Retirement Act were a collateral source); *United States v. Brooks*, 176 F.2d 482, 486 (4th Cir. 1949) (holding that National Service Life Insurance Policy benefits were not deductible from a Federal Tort Claims Act damages award). *Cf. Feeley v. United States*, 337 F.2d 924, 934 (3d Cir. 1964) (establishing a narrow government exception to the collateral source rule, exempting double recovery for medical expenses when both sources originate from the general funds of the United States).

explained:

> [W]here the employer-tortfeasor makes payment directly or indirectly into a fund established for an independent reason, or where such payment by the employer should be considered in the nature of fringe benefit or deferred compensation, the employer should not be entitled to benefit by setting off such income in mitigation of his responsibility as a tortfeasor.[23]

In determining whether a governmental source of funds is collateral, the court may consider a number of factors.[24] Ultimately, the inquiry focuses on whether the benefit provided by the government is intended to indemnify the government against liability arising from personal injury.[25]

## III. DISCUSSION

The City acknowledges that its Pension is not intended to offset tort

---

[23]  *Haughton v. Blackship, Inc.*, 462 F.2d 788, 791 (5th Cir. 1972).

[24]  *See Allen v. Exxon Shipping Co.*, 639 F. Supp. 1545, 1552 (D. Me. 1986) (setting out five factors for the court to consider, including (1) whether the employer contributes to the fund; (2) whether the plan covers both work-related and nonwork-related injuries; (3) whether the plan arises from a collective bargaining agreement; (4) whether the benefits are contingent on the length of service; and (5) whether the plan specifically contemplates offsets from a tort action).

[25]  *See id.* (quoting *Clark v. Burlington Northern, Inc.*, 726 F.2d 448, 450 (8th Cir. 1984) ("The important consideration is the character of the benefits received.").

liability.[26] The City Legislature enacted the Pension out of a moral obligation, and its benefits are available regardless of whether the City is the tortfeasor.[27] Many courts in similar circumstances have concluded that social security benefits, insurance benefits, and other special funds do not serve as offsets.[28] As this Pension is intended for the general welfare of New York City firefighters and police officers, the Pension can aptly be characterized as a fringe benefit. It is therefore a collateral source covered by the rule.

This conclusion is supported by the Fifth Circuit's decision in *Haughton v. Blackship, Inc.*, which held that an employer's contributions to a maritime pension fund were not meant to indemnify the employer. As a result, the pension was considered a collateral source even though the employer was the

---

[26] *See* Defendant's Memorandum of Law in Opposition to Plaintiff's Motion in Limine to Preclude Evidence of Accident Disability Retirement Benefits, at 2 ("The fact that the Accident Disability Retirement pension is not a contrivance to avoid tort liability should not operate to the City's detriment.").

[27] *See Ebert v. City of New York*, No. 04 Civ. 9971, 2006 WL 3627103, at *2 (S.D.N.Y. June 26, 2006) (discussing the nature of the Pension's benefits and the reasons for its creation).

[28] *See Smith*, 587 F.2d at 1014 (holding that social security cannot serve as an offset for government liability); *Blake*, 484 F.2d at 208 (finding that medical coverage provided by an employer does not offset an employer's liability for tortious conduct).

sole source of the fund's contributions.[29]

Relying on dicta in *Blake v. Delaware & Hudson R.R. Co.*, the City contends the Pension is a mere gratuity, which should be exempt from the collateral source rule.[30] The *Blake* court held that benefits from an insurance plan maintained by the employer were subject to the collateral source rule, but distinguished the insurance policy from policies intended to offset liability, stating "[the] policy . . . . is in no sense a mere gratuity nor an arrangement by which the company has undertaken voluntarily to indemnify itself against possible liabilities to injured employees under the FELA."[31] The City interprets this statement to mean that a gratuitous pension benefit *must* offset liability. This is not the law. Merely characterizing an offset as gratuitous is not dispositive on the application of the collateral source rule.[32] Simply because the pension benefit at issue here is provided gratuitously does not mean that it necessarily serves to offset the City's tort liability, or is intended to do so. The intention of the Legislature in providing this Pension is to protect the City's firefighters and police officers. Special funds

---

[29]  *See Haughton*, 462 F.2d at 790.

[30]  *See* 484 F.2d at 206.

[31]  *Id.*

[32]  *See id.*

8

designed to benefit City employees does not reduce tort damages.[33]

## IV. CONCLUSION

For the forgoing reasons, King's motion in limine to exclude evidence of his Accident Disability Retirement benefits, or any reference thereto in the presence of the jury, is granted. The Clerk of the Court is directed to close this motion [Docket No. 21].

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         June 13, 2007

---

[33]   *See, e.g., Phillips*, 953 F.2d 923. If the City wished to offset its tort liability, it could add an explicit provision in the Pension contract stating that the fund offsets any liability incurred by the City. *See Blake*, 484 F.2d at 207. Beginning in July 2007 the City will be allowed to engage in negotiations with City employees that could result in a new contract covering pension benefits. *See* Minko Aff. at 5 (citing New York Retirement & Social Security Law § 470).

- Appearances -

**For Plaintiff:**

Ralph J. Mellusi, Esq.
Stephen B. Roberts, Esq.
Tabak, Mellusi & Shisha LLP
29 Broadway
New York, NY 10006
(212) 962-1590

**For Defendant:**

Anthony James Minko
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, NY 10007
(212) 788-0303